UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MAINE

| | |
|---|---|
| ELLEN H. DECOTIIS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| LORI WHITTEMORE, | )   Civil No. 09-CV-00354 |
| | ) |
| CHILD DEVELOPMENT SERVICES- | ) |
| CUMBERLAND, and | ) |
| | ) |
| DEBRA HANNIGAN, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' OBJECTION TO MOTION TO STRIKE**

Defendants Lori Whittemore, Child Development Services-Cumberland ("CDS-Cumberland"), and Debra Hannigan submit the following Objection to plaintiff's Motion to Strike.

Plaintiff attached a letter written to defendant Hannigan as both the State Director and the Board Chair of CDS-Cumberland and sent to her State office in Augusta as Exhibit B to her Objections. The defendants then used that document in their Reply to point out that even if the Court were to disagree with their position that the regional CDS sites are *all* state agencies for purposes of the Eleventh Amendment, in the case of CDS-Cumberland, the site was being directly operated by the State. If the State's operation of CDS-Cumberland in December of 2007 or March of 2008 (the dates on the letter) mirrored the time period of the allegations in the Complaint, it would be clear that CDS-Cumberland was entitled to Eleventh Amendment immunity. However, plaintiff's contract ended at the end of August 2008.

Plaintiff's argument that the inclusion of the Hannigan Affidavit exceeds the permissible scope of defendants' Motion to Dismiss is meritless.  While plaintiff's Motion cites the standard for motions to dismiss pursuant to Rule 12(b)(6), defendants' Motion was made pursuant to Rule 12(b)(1) – raising the fundamental question of the Court's subject matter jurisdiction over claims for money damages against the State.  Motion to Dismiss at p. 3.  This Court has noted the difference between a motion to dismiss pursuant to Rule 12(b)(6) and one pursuant to Rule 12(b)(1) and has stated that a court may consider extrinsic materials when considering a Rule 12(b)(1) motion.  *Marcello v. Maine*, 464 F.Supp.2d 38, 41 (D.Me. 2006).  As the First Circuit has observed, motions challenging a court's subject matter jurisdiction based on, *inter alia*, sovereign immunity "present what amount to pure (or nearly pure) questions of law." *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001) (stating that in the context of a Rule 12(b)(1) motion a court has "broad authority" to consider extrinsic evidence if necessary to determine its own jurisdiction).

In this case, the Hannigan Affidavit fills in a small gap by attesting that the State was directly operating CDS-Cumberland not only on the dates reflected on the letter attached by plaintiff, but at all relevant times, *e.g.* when plaintiff was not offered a new contract some six months later.  Plaintiff's Motion does not challenge the veracity of the Affidavit or specify any additional discovery that would be necessary based on defendant Hannigan's statement, it asserts only that defendants are prohibited from attaching an affidavit in support of their motion to dismiss:  a contention that is legally incorrect.

For the foregoing reasons, defendants respectfully request that the Court deny plaintiff's Motion to Strike.

DATED:  <u>November 24, 2009</u>              Respectfully submitted,

                                                  JANET T. MILLS
                                                  Attorney General

                                                  <u>/s/Sarah A. Forster</u>
                                                  SARAH A. FORSTER
                                                  Assistant Attorney General
                                                  Office of the Attorney General
                                                  Six State House Station
                                                  Augusta, Maine  04333-0006
                                                  Tel.  (207) 626-8866
                                                  Fax (207)  287-3145
                                                  **sarah.forster@maine.gov**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this, the 24th day of November 2009, I electronically filed the above document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

RUFUS E. BROWN
rbrown@brownburkelaw.com

ZACHARY L. HEIDEN
heiden@mclu.org

To my knowledge, there are no non-registered parties or attorneys participating in this case.

/s/ Sarah A. Forster
SARAH A. FORSTER
Assistant Attorney General
Office of the Attorney General
Six State House Station
Augusta, Maine  04333-0006
Tel.  (207) 626-8866
Fax (207) 287-3145
**sarah.forster @maine.gov**