UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ELLEN H. DECOTIIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 2:09-cv-354-GZS |
| | ) |
| LORI WHITTEMORE, et al., | ) |
| | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR RECONSIDERATION**

Before the Court is the Motion for Reconsideration (Docket # 49) by Plaintiff Ellen DeCotiis. DeCotiis asks the Court to reconsider its Order on Pending Motions (Docket # 46) and apply the manifest injustice exception to the law of the case doctrine to allow DeCotiis to proceed against Defendant Whittemore in her official capacity for the purpose of granting prospective equitable relief – namely, reinstatement.

This Court has "substantial discretion and broad authority to grant or deny" a motion for reconsideration. See Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 81 (1st Cir. 2008). The Court may grant a motion for reconsideration "where the movant shows a manifest error of law or newly discovered evidence." Id. at 81-82. Likewise, a motion for reconsideration should be granted if the Court has "patently misunderstood" a party, or if the court made an error "not of reasoning but of apprehension." Id. at 82. Rather than presenting a manifest error of law, newly discovered evidence, convincing evidence that the Court has "patently misunderstood" her, or evidence that the Court made an "error of apprehension," DeCotiis merely rehashes arguments she previously has made to this Court.

The Court dismissed Plaintiff's claims against Whittemore in her official and individual capacity, see DeCotiis v. Whittemore, 680 F. Supp. 2d 263 (D. Me. 2010), and the First Circuit specifically affirmed the dismissal, see DeCotiis v. Whittemore, 635 F.3d 22, 26 (1st Cir. 2011). DeCotiis could have raised her Ex Parte Young argument on appeal, but she did not.[1] Accordingly, DeCotiis waived her Ex Parte Young argument. As the Court ruled in its Order on Pending Motions, the First Circuit's decisions in the Negron-Almeda v. Santiago cases are distinguishable. See Negron-Almeda v. Santiago, 528 F.2d 15 (1st Cir. 2008); Negron-Almeda v. Santiago, 579 F.3d 45 (1st Cir. 2009). The Court's ruling that DeCotiis waived her Ex Parte Young argument is not a manifest error of law. Nor does the Court misunderstand DeCotiis's argument – her argument is clear, but she was required to make it at an earlier stage of the instant litigation.

Accordingly, the Court hereby DENIES Plaintiff's Motion for Reconsideration (Docket # 49).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 16th day of March, 2012.

---

[1] Nor did she raise the argument during the status conference with the Court on March 30, 2011 following the First Circuit's decision. See Joint Response to Questions by the Court at the Status Conference Dated March 30, 2011 at 1 (Apr. 11, 2011) (Docket # 27). Rather, DeCotiis made her Ex Parte Young argument five months after the First Circuit issued its decision on the Court's Order on Motion to Dismiss.